UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BETSY BATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-CV-00783-AGF |
| | ) |
| DELMAR GARDENS NORTH, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

Upon review of the record and following the final pretrial conference in this case held on the record on November 16, 2017, and for the reasons stated more fully on the open record, the Court sets forth its rulings on the parties' motions in limine and objections to pretrial materials, as follows:

**Plaintiff's Motion in Limine is GRANTED in part and DENIED in part, as set forth below**. ECF No. 93.

1. Emotional Stressors Other than Discrimination: **GRANTED**, subject to reconsideration if Defendants demonstrate the relevance of particular evidence, including how Defendants intend to use such evidence and the contemporaneity of such evidence with the events at issue in this case.

2. Third-Party Medical Records and Unfounded Lay Opinion Testimony Within Medical Records: : **GRANTED** as to opinions regarding Plaintiff's ability to communicate that are contained within such records, and **DENIED** as to statements of Plaintiff made in connection with obtaining medical services and as to appropriate cross-examination of Plaintiff regarding facts contained within the records.

3. "Test" of Plaintiff's Reading Ability: **DENIED as moot**.

4. Deaf, Inc. Records: **DENIED** to the extent such records are relevant to Plaintiff's ability to communicate in writing and not cumulative.

**Plaintiff's Motion to Preclude Certain Witnesses is GRANTED in part and DENIED in part, as set forth below**. ECF No. 94

1. Steve Hebel and List of Gabapentin Products: **DENIED as moot**, pursuant to the parties' agreement that the only purpose of Hebel's testimony is to lay foundation for the List of Gabapentin Products.

2. Maria Nash: **GRANTED** as to any assessment by Nash of Plaintiff's ability to communicate, and **GRANTED** as to other testimony, subject to reconsideration if Plaintiff opens the door to such testimony. However, the witness may possibly be permitted to provide fact testimony, subject to Defendants filing a proffer of such testimony in writing to the Court on or before **Monday, November 20, 2017**.

**Defendants' Motion in Limine is GRANTED in part and DENIED in part, as set forth below**. ECF No. 91.

1. Testimony Regarding Hearsay Statements of Non-party Healthcare Providers Who Have Seen or Treated Plaintiff: **DENIED as moot**. If a party seeks to introduce such a statement for the truth of the matter, the party must approach the bench and advise the Court of what it seeks to offer and what hearsay exception applies.

2. Evidence of Subsequent Remedial Measures Taken by Defendants: **GRANTED** except to the extent that Defendants open the door to such evidence by arguing a lack of feasibility. In that event, Plaintiff must first approach the bench and advise the Court of the purpose of such evidence before introducing it.

3. Evidence of Trials of Other DG North Employees: **DENIED as moot**.

4. Evidence of Defendants' Net Worth or Financial Status Unless and Until Plaintiff Has Made a Submissible Case for Punitive Damages: **DENIED as moot**, with the understanding that Plaintiff does not seek to introduce such evidence.

5. Evidence of Plaintiff's Financial Status: **DENIED as moot**.

6. Dr. Shepard-Kegl's Testimony Invoking Legal Terms of Art or Drawing Legal Conclusions: **RULING RESERVED**. The Court will address this issue by separate order, as it relates to Defendants' objections to Plaintiff's redacted expert report (ECF No. 95).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2017.