UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BETSY BATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-CV-00783-AGF |
| | ) | |
| DELMAR GARDENS NORTH, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

**IT IS HEREBY ORDERED** that, upon review of the record, the Court sets forth its rulings on the parties' objections to pretrial materials as follows:

**Defendants' Objections to Plaintiff's Discovery Items that Plaintiff Intends to Introduce Into Evidence**. ECF No. 103.

Request for Admission Nos. 4 & 11: Overruled, as the responses contain partial admissions.

Request for Admission No. 5: Overruled.

Request for Admission Nos. 7 & 8: Sustained, but Plaintiff will be permitted to introduce the substance of the related interrogatory responses, as discussed below.

Interrogatory Nos. 4 & 11: Sustained, as duplicative of the related requests for admission discussed above.

Interrogatory Nos. 7, 8 & 9: Overruled.

The parties shall confer and attempt to agree on the language to be used when introducing the discovery responses to the jury, such as whether to incorporate the related requests for admission or whether to otherwise edit the interrogatories.

**Defendants' Supplemental Objection to Plaintiff's Exhibit List (Redacted Expert Report)**. ECF No. 106. Sustained. The Court will not admit the redacted written report of Plaintiff's expert unless Plaintiff can lay a proper foundation for an exception to the hearsay rule and demonstrate that the report is not cumulative.

Regarding the expert's testimony and Defendants' objection thereto (ECF No. 95), Plaintiff is reminded of the Court's prior ruling (ECF No. 76), which precludes the expert from opining as to legal conclusions or invoking legal terms of art. While the expert may testify regarding Plaintiff's communication abilities and interpretation needs in general, and about the difficulties Plaintiff would have had in communicating during her stay using lipreading and written or spoken English as compared to ASL, the expert may not go so far as to testify that Plaintiff needed an ASL interpreter or that Plaintiff's lipreading or written/spoken English skills were insufficient to meet her communication needs in this context.

**IT IS FURTHER ORDERED** that in order to better accommodate the ASL interpreters in this case, the trial will be held in Courtroom 3N.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2017.