UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BETSY BATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-CV-00783-AGF |
| ) | |
| DELMAR GARDENS NORTH, INC. and ) | |
| DELMAR GARDENS NORTH ) | |
| OPERATING LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (ECF No. 152) of Plaintiff Betsy Bates to set aside the bill of costs taxed by the Clerk of Court against her. For the reasons set forth below, the motion will be denied.

## BACKGROUND

On December 1, 2017, after a trial, a jury returned a verdict in favor of Defendants on Plaintiff's claims for disability discrimination (based on Plaintiff's deafness) in violation of Title III of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, and the Missouri Human Rights Act. On December 19, 2017, less than 21 days after final judgment was entered in their favor, Defendants filed their verified bill of costs. Plaintiff did not file any objections within the 14 days set forth by Local Rule 54-8.03. As such, the Clerk of Court taxed the costs as claimed in the bill, in

1

the amount of $4,673.52, on March 20, 2018. Plaintiff filed the current motion to set aside the bill of costs seven days later.

Plaintiff objects to two categories of the costs taxed:[1] (1) the compensation of the certified American Sign Language ("ASL") interpreters used at Plaintiff's deposition, in the amount of $970.50,[2] and (2) the allegedly duplicative costs for printed transcripts and video recordings of two depositions.

Regarding the first objection, Plaintiff argues that the Court should exercise its discretion to deny Defendants' request to recover the costs of the ASL interpreters in light of the underlying public policy concern of the ADA, which prohibits public accommodations from imposing a surcharge to cover the cost of measures that are required to provide individuals with nondiscriminatory treatment.

As to the second objection, which was raised for the first time in her reply brief, Plaintiff asserts that it is improper to tax the costs for both printed transcripts and video recordings of the same deposition, and that these costs should be reduced by $200 to eliminate the "double taxing." ECF No. 154 at 3.

Plaintiff also argues that her motion is timely, notwithstanding her failure to object to the bill of costs within 14 days under the local rules, because she filed her motion to

---

[1] Plaintiff also initially argued that Defendants failed to properly itemize their costs, but Plaintiff withdrew this argument in her reply brief, after acknowledging that Defendants indeed provided such itemization, and Plaintiff was merely unable to electronically access the documentation at first "due to internal error." ECF No. 154 at 1. In response, Defendants assert that Plaintiff should be sanctioned for asserting a frivolous argument, but particularly in light of Plaintiff's explanation in her reply brief, the Court finds that sanctions are not warranted.

[2] The Court also provided, at its own expense, ASL interpreters for Plaintiff at trial.

set aside costs within the time limit set forth in Federal Rule of Civil Procedure 54(d)(1). *See* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.").

In response, Defendants argue that Plaintiff waived any objections to the bill of costs by failing to timely object in accordance with the local rules. Moreover, Defendants contend that Plaintiff's objections fail on the merits. Defendants argue that they are entitled to recover the ASL interpretation costs at issue, which are taxable under the relevant statute and were undisputedly a reasonable and necessary cost incident to taking Plaintiff's deposition.

In a sur-reply filed with leave of the Court to address Plaintiff's second objection, Defendants argue that costs for both printed transcripts and video recordings of the same deposition have been held to be taxable by the United States Court of Appeals for the Eighth Circuit, as long as each transcript was necessarily obtained for use in the case. Defendants contend that it was Plaintiff who ordered the videotaping of the two depositions at issue here, and as such, both types of transcripts were necessarily obtained.

## **DISCUSSION**

"Rule 54(d) of the Federal Rules of Civil Procedure allows district courts to tax costs in favor of a prevailing party, and Title 28 U.S.C. § 1920 defines the expenses that may be taxed as costs pursuant to that rule." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015). "As the losing party, [Plaintiff] bears the burden of overcoming the presumption that [Defendants are] entitled to recover all costs allowed by § 1920." *Id.*

3

Upon careful consideration of the parties' arguments, the Court will deny Plaintiff's motion on the merits, without reaching the timeliness issue. As to Plaintiff's first objection, under § 1920(6), the Court is permitted to tax as costs the "compensation of interpreters." 28 U.S.C. § 1920(6). "To be taxable under § 1920, the incurrence of such cost must be deemed reasonable and necessary to a determination of the issues in the suit." *Sunderland v. Bethesda Hosp., Inc.*, No. 13-80685-CIV, 2016 WL 7443342, at *1 (S.D. Fla. Oct. 13, 2016). In *Sutherland*, the district court rejected a nearly identical objection to the cost of ASL interpreters used in an ADA plaintiff's deposition, finding that the cost was taxable under § 1920(6) and did not amount to an improper surcharge under the ADA. *Id.* Plaintiff has cited another Florida district court case for the proposition that, while taxing the cost of ASL interpreters is not prohibited by the ADA, a district court has discretion to refuse to tax such costs against an ADA plaintiff who asserts a non-frivolous claim. *See Schwarz v. Villages Charter School, Inc.*, Report and Recommendation of Magistrate Judge, No. 5:12-cv-177-MMH-PRL, Dkt. No. 559, at 7 (M.D. Fla. Oct. 31, 2017), *adopted in full*, Dkt. No. 565 (M.D. Fla. Jan. 22, 2018). But even assuming that the Court has such discretion, it would decline to exercise it here, where the costs are modest in scope and where Plaintiff does not and cannot dispute that the presence of the ASL interpreters at her deposition was reasonable and necessary to a determination of the issues in this suit.

Regarding Plaintiff's second objection, the Eighth Circuit has held that "§ 1920(2) permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case."

4

*Stanley*, 784 F.3d at 467. Plaintiff presents no argument that the transcripts at issue here were unnecessarily obtained for use in this case, and Defendants have explained why both types were required. *See, e.g.*, *id.* at 466 (listing examples of circumstances "where both printed and electronically recorded transcripts are necessarily obtained for use in the case," including where attorneys are "called upon . . . to supply an opposing party with a transcript to obtain a video or audio recorded deposition") (citing *Meredith v. Schreiner Transport, Inc.*, 814 F. Supp. 1004, 1006 (D. Kan. 1993) ("[I]n many cases, a party insists that the opposing party arrange for a stenographic transcript as a condition for obtaining an order allowing a videotape deposition. A party who does this has little right to complain if he later is asked to pay the cost of a transcript he insisted be made.")). As such, Plaintiff's objection is without merit.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's motion to set aside bill of costs is **DENIED**. ECF No. 152.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2018.